George F. BROWN and Valerie June Brown, Plaintiffs–Respondents,

v.

Cletus H. STOVER and Martha Stover, Defendants–Appellants.

No. 11757.

Missouri Court of Appeals, Southern District, Division Three.

Oct. 9, 1980.

Hal E. Hunter, III, New Madrid, for plaintiffs–respondents.

Charles C. Hatley, New Madrid, for defendants–appellants.

GREENE, Judge.

Plaintiffs George F. Brown and Valerie Brown owned Lots 9 and 10, and defendants Cletus H. Stover and Martha Stover owned Lots 11 and 12 in Block 6, Hunter, Phillips, McCoy and Tanner Addition to the city of New Madrid, Missouri. The Stover lots were east of, and contiguous to, the lots owned by the Browns. The Stovers started to construct a fence on land which the Browns contended was Lot 10. The Browns sued the Stovers and asked for an injunction restraining the Stovers from completing the fence and ordering them to remove that part of the fence that was already constructed.

The Stovers counterclaimed, contending that they were the owners of the disputed property, either on the basis of a survey made at their direction, or by adverse possession. The prayer in their counterclaim asked the court to quiet title to the disputed property in their favor. The case was tried before the court who rendered judgment in favor of the Browns on their petition. The court failed to render judgment on the counterclaim. The Stovers then appealed. The appeal was dismissed by this court, *Brown v. Stover*, 596 S.W.2d 498 (Mo.App. 1980) for the reason that there was no final appealable judgment since the counterclaim had not been disposed of.

The cause was remanded to the trial court with directions to prepare and file a judgment disposing of all issues on the petition and counterclaim.

The trial court complied and the case is again before us, via a new appeal by the Stovers, for disposition on the merits. The amended judgment of the trial court is as follows:

"Now on this 22nd day of August, 1978, the Court having heard the evidence heretofore on the 28th day of June, 1978, and now being sufficiently advised in the premises, finds that the boundary line between Lots Ten (10) and Eleven (11), Block Six (6), Hunter, Phillips, McCoy and Tanner Addition to the City of New Madrid, New Madrid County, Missouri, be described as follows:

Begin at a railroad spike over an old stone at the intersection of Crisler and Davis Streets, thence S89°38'E 800.0 feet along the center-line of Davis Street; thence S0°22'W 30.0 feet to the NE corner of Lot 10 of Block 6 of Hunter–Phillips–McCoy–Tanner Addition to New Madrid, Missouri and the point of beginning to describe the east line of Lot 10; thence continue S0°22'W 200.0 feet to the SE corner of said Lot 10 and there terminating.

Said boundary line is designated by a survey made by Charles H. Ice, county surveyor, New Madrid County, Missouri on August 5, 1977, and recorded in Plat Book No. 7, Page 16, New Madrid County Recorder's Office, which survey indicates the boundary line of Lots Nine (9) and Ten (10), Block Six (6), Hunter, Phillips, McCoy and Tanner Addition to the City of New Madrid, New Madrid County, Missouri, designated as Plaintiffs' Exhibit 'B'.

The Court further finds that the possession alleged in Defendants' Counterclaim did not constitute adverse possession in that it was not open, exclusive, hostile, continuous and adverse for a period of ten (10) consecutive years and therefore the Court finds for the Plaintiffs and against the Defendants on the Counterclaim for Quiet Title filed by Defendants.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Court that a perpetual injunction be, and is hereby granted restraining and preventing the Defendants, their agents, servants and employees from completing construction of the fence, the subject of this cause of action, and the Defendants are ordered to remove the existing fence from Plaintiffs' property; that the boundary line between Lots Ten (10) and Eleven (11), Block Six (6), Hunter, Phillips, McCoy and Tanner Addition to the City of New Madrid, New Madrid County, Missouri, is fixed as indicated by survey made by Charles H. Ice, New Madrid County surveyor, on August 5, 1977, and recorded in Plat Book 7, Page 16, New Madrid County Recorder's Office.

It is further ordered by the Court that the costs herein be and are hereby, taxed against the Defendants."

Since this was a court–tried case, its judgment will be affirmed unless there was no substantial evidence to support it, unless it is against the weight of the evidence, or unless it contains erroneous applications or declarations of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In their three points relied on, mislabeled "Points and Authorities", defendants seem to contend that the judgment on the petition and the counterclaim is against the weight of the evidence. We have carefully reviewed the record and find that there was substantial evidence to support the trial court's judgment on the petition and the counterclaim, that such judgment was not against the weight of the evidence, and that the trial judge did not erroneously declare or apply the law. A lengthy recitation of the facts would serve no beneficial purpose, and an extended opinion would have no precedential value.

The judgment of the trial court is affirmed in compliance with Rule 84.16(b), V.A.M.R.

All concur.